IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TINA J. CARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 21-0219-KD-MU |
| | ) | |
| EEOC OF MOBILE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the United States' Motion to Dismiss Complaint. (Doc. 8). Plaintiff Tina J. Carson, who is proceeding *pro se,* did not file a response to the motion, nor did Defendant file a reply. (*See* Docket Sheet). This motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case and the applicable law, the undersigned recommends that Defendant's motion to dismiss be **GRANTED** and that Plaintiff's Complaint (Doc. 1) be **DISMISSED, without prejudice.**

## I. BACKGROUND

Carson filed her Complaint against "EEOC of Mobile" and paid the Court's filing fee on May 7, 2021. (Docs. 1, 2). The only summons Carson caused to be issued in this case was to EEOC, also on May 7, 2021. (Doc. 3). The Court set the deadline by which Carson was required to serve the Complaint and Summons on Defendant, pursuant to Fed. R. Civ. P. 4(m), for August 5, 2021, and the Court entered this deadline on the docket sheet. (Doc. 1, Docket Entry). On July 6, 2021, Carson returned the executed

summons to the Court showing that Carson executed service on "EEOC" by certified mail on June 29, 2021. (Doc. 4).

When no answer or response to the Complaint was filed within the requisite time, the Court entered a show cause order on December 15, 2021, which prompted a response and the instant motion to be filed on December 28, 2021. (Docs. 5, 7, 8). In its motion to dismiss, Defendant alleges that dismissal of the complaint is appropriate because Carson has failed to perfect service properly on the EEOC as required by Rule 4(i) of the Federal Rules of Civil Procedure and has failed to timely serve the Attorney General ("AG") and the United States attorney's office in this district ("USAO") as required under Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 8).

On January 3, 2021, the Court ordered Carson to file a response to the motion to dismiss on or before January 11, 2022. (Doc. 10). Carson has not filed any response to the motion to dismiss. (*See* Docket Sheet).

## II. **STANDARD OF REVIEW**

Defendant has filed its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) for insufficient process and 12(b)(5) for insufficient service of process. As United States District Court Judge L. Scott Coogler of the Northern District of Alabama recently observed:

> A Rule 12(b)(4) or 12(b)(5) motion to dismiss challenges the court's personal jurisdiction over a defendant for insufficient process and insufficient service of process respectively. To invoke the court's personal jurisdiction on a defendant requires service of process; so, if a plaintiff fails to properly serve a defendant according to one of the methods of service in Rule 4, the court will, on a timely motion, dismiss all claims against the defendant. And, when a defendant challenges service of process, the plaintiff bears the burden of showing that the defendant was properly served under Rule 4.

*Bridges v. Poe*, No. 6:19-CV-01399-LSC, 2020 WL 3207278, at *1 (N.D. Ala. June 15, 2020) (internal citations omitted). "Valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant." *Hyundai Merch. Marine Co. v. Grand China Shipping (Hong Kong) Co.*, 878 F. Supp. 2d 1252, 1260-61 (S.D. Ala. 2012). A "Court may consider [documents outside the pleadings] when determining whether [an action] should be dismissed for insufficient service of process." *Ford v. Navika Capital Grp., LLC*, No. CV 14-00311-KD-C, 2016 WL 1069676, at *8 (S.D. Ala. Mar. 17, 2016) (*citing Foster v. Bridgestone Ams. Inc.*, No. 11-0175-WS-N, 2011 WL 3606983, at *1 n.2 (S.D. Ala. Aug. 15, 2011) ("In the context of a Rule 12(b)(5) motion such as that presented here, courts routinely consider matters outside the four corners of the pleadings to ascertain whether service of process has been properly completed.").

### III. LEGAL ANALYSIS

Because Carson names a United States agency, the Equal Employment Opportunity Commission ("EEOC"), as a defendant, Federal Rule of Civil Procedure 4(i)(2) applies:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2). To properly serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

> (B) send a copy of each by registered or certified mail to the
> Attorney General of the United States at Washington, D.C.;
> and
> (C) if the action challenges an order of a nonparty agency or
> officer of the United States, send a copy of each by
> registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Therefore, to perfect service in this matter, Carson was required to serve a summons and the complaint on the AG and the USAO in addition to serving the EEOC. Fed. R. Civ. P. 4(i)(1)-(2). As of this date, Carson has not sought summonses for either the AG or the USAO and, thus, has not served either. Carson has clearly failed to perfect service on the EEOC, the defendant in this action.

Rule 4(i)(4) provides that "[t]he court must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2), *if* the party has served either the United States Attorney or the Attorney General of the United States." Fed. R. Civ. P. 4(i)(4) (emphasis added). In this case, however, Carson has failed to satisfy the requirements of this savings clause. Here, Carson only sought issuance of a summons to the EEOC, which indicates a lack of intent to serve the AG and the USAO, and, indeed, has served neither nor made any attempt to serve either since the filing of Defendant's motion to dismiss.

By failing to serve the AG and the USAO timely, Carson failed to perfect service timely on the EEOC in this matter. Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the
> complaint is filed, the court—on motion or on its own after
> notice to the plaintiff—must dismiss the action without
> prejudice against that defendant or order that service be
> made within a specified time. But if the plaintiff shows good
> cause for the failure, the court must extend the time for
> service for an appropriate period. This subdivision (m) does
> not apply to service in a foreign country under Rule 4(f),
> 4(h)(2), or 4(j)(1), or to service of a notice under Rule
> 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m). Carson failed to serve the EEOC properly, in accordance with Rule 4(i)(2) within the 90-day timeline required under the Federal Rules of Civil Procedure. Because Carson has made no attempt to show good cause for this failure, Rule 4(m) requires that this action be dismissed without prejudice.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's motion to dismiss (Doc. 8) be **GRANTED** and that Plaintiff's Complaint (Doc. 1) be **DISMISSED, without prejudice,** for insufficient process and insufficient service of process.

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's

report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 3rd day of February, 2022.

s/P. BRADLEY MURRAY  
UNITED STATES MAGISTRATE JUDGE